UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BERNARD B. IDLISAN,

        Plaintiff,

-against-

MOUNT SINAI MEDICAL CENTER,

        Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-9-15

12-cv-8935 (PAC) (RLE)

**ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Bernard Idlisan brings this employment discrimination action against Defendant Mount Sinai Medical Center pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Plaintiff claims Defendant discriminated against him by failing to hire him because of his race, national origin, disability, and conviction history. Both parties moved for summary judgment.

On September 2, 2014, Magistrate Judge Ellis issued his Report and Recommendation ("R&R") that Plaintiff's motion for summary judgment be denied in its entirety and Defendant's motion for summary judgment be granted in part and denied in part. Defendant objected to the R&R's partial denial of its motion. For the reasons below, the Court (i) adopts the R&R's denial of Plaintiff's motion, (ii) adopts the R&R's partial granting of Defendant's motion, and (iii) declines to adopt the R&R's partial denial of Defendant's motion and instead grants the motion. Plaintiff's motion is DENIED in its entirety and Defendant's motion is GRANTED in its entirety.

## BACKGROUND[1]

Between April 20, 2010 and February 6, 2012, Plaintiff applied for eight externally

---

[1] The following background information is taken from Magistrate Judge Ellis's R&R.

1

advertised positions at Mount Sinai: (1) the 2010 accounting clerk position, which was never filled; (2) the accounts payable receivable position filled by K.H.; (3) the office supervisor position filled by K.P.; (4) the business associate position filled by E.P.; (5) the business associate position filled by L.C.; (6) the office assistant position filled by P.T.; (7) the 2012 accounting clerk position filled by N.S.; and (8) the 2012 accounting clerk position filled by A.E.F. For each application, Plaintiff used the same online application form in which he voluntarily disclosed his education (a bachelor's degree in accounting in the Philippines and a GED in the U.S.), employment (currently working part-time as an information clerk at the New York Board of Elections), race (Asian), national origin (the Philippines), physical disability (a heart condition), and criminal convictions (bail jumping and grand larceny in the second degree). Plaintiff was not selected for an interview for any of the positions and so was not hired.

Plaintiff claimed Defendant's hiring practices were discriminatory and filed complaints with Defendant in December 2011 and the New York State Division of Human Rights ("NYSDHR") in March 2012. On August 2012, the NYSDHR rejected Plaintiff's claim. Plaintiff requested the Equal Employment Opportunity Commission ("EEOC") to review the decision. In September 2012, the EEOC adopted the NYSDHR's finding. On November 21, 2012, Plaintiff timely commenced his Title VII and ADA action.

## STANDARDS OF REVIEW

### I.  R&R Standards

District Courts may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially

erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

When a party makes a timely objection raising new arguments, the contested portions are reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations.").

## II.    Summary Judgment Standards

Summary judgment may be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But a genuine issue of material fact cannot exist if, "after adequate time for discovery and upon motion, [a party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such cases, "Rule 56(c) mandates the entry of summary judgment . . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The R&R recommends denying Plaintiff's motion for summary judgment in its entirety, and neither party objected. Accordingly, the Court has reviewed the record for clear error and finds none.

Plaintiff's Title VII and ADA claims regarding the 2010 accounting clerk position, the accounts payable position, and the office supervisor position are untimely. *See* 42 U.S.C. § 2000e-5(e) (imposing a 300-day limitations period for filing a charge of discrimination with the EEOC in New York); *see also Harris v. City of New York*, 186 F.3d 243, 251 n. 5 (2d Cir. 1999) (noting that Title VII and ADA claims share the same limitation period). Furthermore, Plaintiff comes nowhere close to demonstrating an entitlement to judgment as a matter of law for his remaining Title VII and ADA claims.

The Court, therefore, adopts the R&R's findings. Plaintiff's motion for summary judgment is DENIED in its entirety.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. Title VII Claims

#### a. Clear Error Review

The R&R recommends granting Defendant's motion for summary judgment regarding the following Title VII claims: (1) the 2010 accounting clerk position, which was never filled; (2) the accounts payable receivable position filled by K.H.; (3) the office supervisor position filled by K.P.; (4) the business associate position filled by E.P.; (5) the office assistant position filled by P.T.; and (6) the 2012 accounting clerk position filled by N.S. Since neither party objects to these recommendations, the Court has reviewed the record for clear error and finds none.

As noted above, Plaintiff's claims regarding the first three positions are untimely. *See* 42 U.S.C. § 2000e-5(e). Moreover, for the three remaining positions, Defendant hired individuals who were either current Mount Sinai employees or members of the 1199 Service Employees

International Union. Plaintiff fails to demonstrate these reasons were a pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973) (requiring the plaintiff to "demonstrate that [the employer's] assigned reason for refusing to re-employ was a pretext or discriminatory in its application").

Accordingly, the Court adopts the R&R's findings. Defendant's motion for summary judgment regarding the above-listed Title VII claims is GRANTED.

### b. *De Novo* Review

The R&R recommends denying Defendant's motion for summary judgment regarding the two remaining Title VII claims: (1) the business associate position filled by L.C.; and (2) the 2012 accounting clerk position filled by A.E.F. Since Defendant objects to this recommendation, the Court conducts a *de novo* review of these claims.

#### (i) Legal Standard

Proving employment discrimination under Title VII requires the plaintiff to satisfy the three-part *McDonnell Douglas* analysis. The first part requires the plaintiff to establish a *prima facie* case of discrimination by showing: (1) he belongs to a protected class;[2] (2) he was qualified for the position; (3) he was denied the position; and (4) the circumstances of his denial give rise to inferences of discrimination. *Stern v. Trustees of Columbia Univ. in New York*, 131 F.3d 305, 311-12 (2d Cir. 1997). The second part of the *McDonnell Douglas* analysis requires the employer to provide a nondiscriminatory reason for the hiring decision. If that is done, the burden returns to the plaintiff to prove the employer's reason is a pretext for discrimination.

#### (ii) Analysis

There can be no dispute that the parties satisfy their respective burdens under the first two

---

[2] Title VII prohibits discrimination based only on race, color, religion, gender, or national origin. 42 U.S.C. § 2000e-2(a)(1). Accordingly, neither Plaintiff's physical disabilities nor criminal history are appropriate to consider under Title VII.

steps of the *McDonnell Douglas* analysis. Plaintiff's burden is not a heavy one and so it is appropriate to conclude he has established a *prima facie* case of his qualification for both the business associate position and the 2012 accounting clerk position. Next, Defendant provides non-discriminatory reasons for not hiring Plaintiff for either position: both L.C. and A.E.F. were hired because of their recent work experience, *see* Yeboah Decl. ¶ 9; LaCalamito Decl. ¶ 9, whereas Plaintiff had not worked in the healthcare industry since 1993 and was unemployed from 2001 to 2010. Pl.'s Tr. Ex. 26, Ex. B.

Despite being afforded an opportunity to do so, Plaintiff fails to produce any evidence of discrimination beyond a mere "belief" and "perception" that "every time [he] appl[ies] for a job to an employer and [he doesn't] get hired it must be because of a discriminatory reason."[3] Pl.'s Tr. 124:22-125:2. Saying it is so does not establish discrimination. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 456 (2d Cir. 1999) (holding that "'[feelings and perceptions] of being discriminated against [are] not evidence' of discrimination"). Moreover, Plaintiff cannot prove that Defendant's hiring personnel were even aware of Plaintiff's race or that his race was ever taken into account during the hiring process.[4]

In concluding Plaintiff satisfied his burden and proved pretext, the R&R did not recognize the legitimacy surrounding Defendant's hiring of A.E.F, who possessed an associate's degree and four years of relevant experience, LaCalamito Decl. ¶ 9, and L.C., who was "the most

---

[3] Plaintiff has sued several other employers for failing to hire him, alleging a similar perception of discrimination in each case.

[4] The Court recognizes that certain individuals within Mount Sinai were likely aware of Plaintiff's race since Plaintiff disclosed his race on Defendant's Voluntary Survey. *See* Pl.'s Tr. Ex. 16. But merely completing a survey falls significantly short of proving Defendant's hiring personnel knew Plaintiff's race and discriminated accordingly. *See* Yeboah Decl. ¶ 8 ("Recruitment Specialists do not have access to this information because it is stored separately from the application material and is not reviewed during the screening process."). Moreover, taken at face value, the survey itself does "not affect [an applicant's] opportunity for employment," Pl.'s Tr. Ex. 16, and Plaintiff fails to provide any evidence to the contrary.

qualified candidate" according to the recruiter.[5] Yeboah Decl. ¶ 9. Each was hired because they each had relevant experience for the positions sought. Employers have "'unfettered discretion to choose among qualified candidates' and to decide which types of credentials are of the most importance for a particular job." *Jimenez*, 605 F. Supp. 2d at 524-25 (quoting *Byrnie*, 243 F.3d at 103). Moreover, Plaintiff fails to prove that no reasonable person would have selected A.E.F. and L.C. for the positions. *See id.* at 525. It should come as no surprise to Plaintiff that applicants with more recent and stable employment history prevail in the job market.

Accordingly, the Court declines to adopt the R&R's findings; rather it concludes Plaintiff has failed to meet his burden under the final stage of the *McDonnell Douglas* analysis that the employment denial was a pretext for discrimination. Accordingly, Defendant's motion for summary judgment is GRANTED.

## II. ADA Claims

### a. Clear Error Review

The R&R recommends granting Defendant's motion for summary judgment for the following ADA claims: (1) the 2010 accounting clerk position, which was never filled; (2) the accounts payable receivable position filled by K.H.; and (3) the office supervisor position filled by K.P. Neither party objects to these recommendations; the Court has reviewed the record for clear error and finds none. Plaintiff's claims are untimely as the ADA and Title VII share the same 300-day limitation period. 42 U.S.C. § 2000e-5(e); *Harris*, 186 F.3d at 251 n. 5.

Accordingly, the Court adopts the R&R and grants Defendant's motion for summary judgment regarding the above-listed ADA claims.

---

[5] The parties dispute whether possessing "6 months of healthcare related experience" was listed in the advertisement as a requirement or recommendation for the business associate position. L.C. satisfied the clearly stated "Minimum Required Education," but he did not possess six months of healthcare-related experience. The R&R placed great weight on this ambiguity. Resolving this ambiguity in favor of the non-moving party, Plaintiff still fails to demonstrate pretext because he fails to prove Defendant's hiring personnel were aware of his race.

### b. *De Novo* Review

The R&R recommends denying Defendant's motion for summary judgment regarding the five remaining ADA claims: (1) the business associate position filled by E.P.; (2) the business associate position filled by L.C.; (3) the office assistant position filled by P.T.; (4) the 2012 accounting clerk position filled by N.S.; and (5) the 2012 accounting clerk position filled by A.E.F. Since Defendant objects to this recommendation, the Court conducts a *de novo* review of these claims.

*(i) Legal Standard*

Proving employment discrimination under the ADA also requires the plaintiff to satisfy the three-part *McDonnell Douglas* analysis. *See Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003). The plaintiff must establish a *prima facie* case by proving: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential job functions; and (4) the plaintiff suffered adverse employment action because of his disability. *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869-70 (2d Cir. 1998). The burden then shifts to the defendant employer to provide a legitimate reason for its employment action. Finally, the burden returns to the plaintiff to prove the employer's reasons were pretext.

*(ii) Analysis*

Plaintiff ultimately fails to establish a *prima facie* case of discrimination under the ADA. While Plaintiff satisfies the first and third factor—because Defendant is subject to the ADA and Plaintiff was otherwise qualified to perform the positions—he fails to satisfy the second and fourth factor.

The second factor requires Plaintiff to prove he was "disabled," defined under the ADA

as having, or being perceived as having, a "physical or mental impairment that substantially limits one or more major life activities."[6] 42 U.S.C. § 12102(1). Plaintiff has not submitted any evidence of such impairment.[7] The R&R states that "[i]n the absence of such evidence, the Court will not infer that [Plaintiff] was not disabled" and that his disability "remains a material fact at issue." R&R 20. But, it is precisely the absence of such evidence—on an element which Plaintiff will bear the burden of proof at trial—that compels the Court to rule in favor of Defendant since "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. 323.

The fourth factor requires Plaintiff to prove Defendant refused to hire him because of his disability. A similar absence of evidence also exists here, as Plaintiff relies solely on his mere "perception" that "once you have a [severe] medical condition . . . an employer will not hire you." Pl. Tr. 115. Plaintiff provides no evidence that Defendant was aware of, and refused to hire him because of, his disability. In reaching a different conclusion, the R&R states that "[a]lthough [Defendant] maintains that [Plaintiff] cannot show that its recruiters were aware of his disability, [Defendant] has failed to indicate whether the recruiters read the relevant portion of [Plaintiff's] application." This mistakenly puts the burden on Defendant, who need not make any showing at this stage of the *McDonnell Douglas* analysis. Instead, Plaintiff must prove the recruiters knew of the disability and discriminated accordingly; Plaintiff fails to do so.

Therefore, because Plaintiff fails to establish a *prima facie* case of discrimination, Defendant's motion for summary judgment regarding the five remaining ADA claims is GRANTED.

---

[6] As with Title VII claims, Plaintiff's criminal history is inappropriate to consider under the ADA.
[7] Moreover, his doctor-issued Certificate of Disability and Job Readiness states he is "job ready," notwithstanding his heart condition. Pl. Tr. Ex.1, Ex. E.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
      January, 9 2015

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge

Copies Mailed to:    Bernard B. Idlisan  
                             1402 Jefferson Avenue, 1st Floor  
                             Brooklyn, NY 11237